## Commonwealth *v.* Morgan, Appellant.

Submitted May 22, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Richard D. Walker,* Public Defender, for appellant.

*Robert S. Spitzer,* Assistant District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, October 4, 1972:

The appellant, Major Morgan, was convicted by a jury in Dauphin County of murder in the first degree and the punishment was fixed at life imprisonment. Following the denial of a motion for a new trial and imposition of the sentence the jury directed, this appeal was filed. We affirm.

The sufficiency of the evidence to warrant the jury's verdict is not questioned, nonetheless, we have studied the record and are completely satisfied it supports the jury's finding.

The trial testimony established that in the midst of a heated verbal quarrel between the appellant and his wife in the kitchen of their residence, the appellant left the kitchen and went to his bedroom where he seized a rifle; that he then returned to the kitchen and immediately fired two shots from the rifle at his wife, one of which struck her in the head causing instant death.

Two assignments of error contend the trial court erroneously permitted in evidence two exhibits offered by the Commonwealth. One of these exhibits was a black and white photograph depicting the upper portion of the victim's torso lying on the floor of the kitchen following the shooting. The other challenged exhibit was a diagram prepared by investigating police officers showing the location and measurements of rooms in the Morgan residence which figured in the quarrel and shooting.

The record manifests the challenged exhibits had probative value and also that they were an aid to a better understanding of the occurrence involved. As to the photograph complained of we are not persuaded it

was gruesome or inflammatory. Under such circumstances the trial court did not abuse its discretion in permitting evidentiary use of these exhibits.

The remaining claim of error asserts the trial court erred in not excluding hearsay testimony. A daughter of the parties testified as a Commonwealth witness that the appellant and his wife quarreled on an earlier occasion during which the appellant struck his wife over the head with a soft drink bottle. During cross-examination, it was elicited that the witness's knowledge of this occurrence was based partly on personal observation, and partly on subsequent conversations with her mother. No effort was made through further questioning to ascertain precisely which part of her testimony was hearsay. Furthermore, no objection was entered to the testimony, nor was there a motion to strike any portion thereof from the record. Under the circumstances, and in view of all the facts established by the record this claim of error is without merit. Cf. *Commonwealth v. Boden*, 399 Pa. 298, 159 A. 2d 894 (1960), cert. denied, 364 U.S. 846 (1960).

Judgment affirmed.