Commonwealth *v.* Clair, Appellant.

Submitted May 3, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*D. Patrick Zimmerman, Thomas H. Wentz, III,* and *Wentz and Weaver,* for appellant.

*George T. Brubaker,* Assistant District Attorney, and *Henry J. Rutherford,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE NIX, October 16, 1974:

This appeal raises the question of the applicability of the basic and fundamental error doctrine to the failure to properly preserve trial errors in criminal matters.

Appellant was convicted by a jury of the murder of his wife in the second degree. He was sentenced to a term of imprisonment of not less than seven nor more than fourteen years. This is a direct appeal from the judgment of sentence. Act of July 31, 1970, P. L. 673, No. 223, art. II, §202, 17 P.S. 211.202 (Supp. 1974-75).

Appellant raises three objections to the jury charge. They are: (1) that the trial judge invaded the jury's province; (2) that the judge prejudiced appellant when reviewing the testimony and (3) that the charge as to murder in the second degree was erroneous. Although appellant admits that he failed to raise these objections before the jury retired to deliberate in accordance with Rule 1119b of the Pennsylvania Rules of Criminal Procedure, he nevertheless claims that these errors are reviewable by this Court because they are basic and fundamental errors which justify reversal absent an objection or exception. Appellant cites *Commonwealth v. Williams,* 432 Pa. 557, 248 A.2d 301 (1968).

The rule of *Commonwealth v. Williams, supra,* however has been subject to attack. Dissenting in that case, Mr. Justice ROBERTS pertinently observed:

"The proper functioning of our guilt-determining process neither requires nor assures a defendant an errorless trial. A defendant is, however, entitled to a fair trial free of such trial errors as his trial counsel timely sought to have corrected by calling them to the court's attention. Trial errors are made in the courtroom and it is there that the correction process should at least be *initiated.*

"The defense may not successfully complain of trial errors for the first time *only* after the jury has returned a verdict of guilty, unless the errors were initially challenged at trial, and thereby preserved on appeal. The majority now—contrary to the whole course of modern trial procedure—encourages defense counsel to sit by silently without calling errors to the trial court's attention until *after* the guilty verdict is returned. In effect the majority's present approach places the appellate court in the role of a super-trial-defense counsel. Where counsel fails to call errors to the attention of the trial judge, the majority ignores that deficiency and

assumes the function of protecting those failures by granting relief despite the silence of counsel at trial." 432 Pa. at 569-70, 248 A.2d at 307-08.

In our judgment the basic and fundamental error doctrine has created greater problems than it has alleviated. First it is difficult to determine what is a basic and fundamental error. Compare *Commonwealth v. Scoleri*, 432 Pa. 571, 248 A.2d 295 (1968) with *Commonwealth v. Williams, supra* and *Commonwealth v. Ewell*, 456 Pa. 589, 319 A.2d 153 (1974). Secondly, the doctrine has created the anomalous situation whereby all reversible error is not basic and fundamental error yet there is no readily perceptible substantive difference between the two. Thus, the test is merely a vehicle whereby the Court can arbitrarily reverse on an otherwise unpreserved issue.

Most recently this Court has expressly abrogated the doctrine of basic and fundamental error in civil cases, *Dilliplaine v. Lehigh Valley Trust Company*, 457 Pa. 255, 322 A.2d 114 (1974). There the Court reasoned that the doctrine (1) "removes the professional necessity for [diligent preparation]", (2) penalizes the opposing party, (3) denies the trial court an opportunity to correct the error, (4) erodes the finality of trial court holdings, (5) encourages unnecessary appeals and (6) needlessly discourages alert professional representation. The requirement of a timely specific objection on the other hand insures that: "First, appellate courts will not be required to expend time and energy receiving points on which no trial ruling has been made. Second, the trial court may promptly correct the asserted error. With the issue properly presented, the trial court is more likely to reach a satisfactory result thus obviating the need for appellate review on this issue. Or if a new trial is necessary, it may be granted by the trial court without subjecting both the litigants and the courts to the expense and delay inherent in appellate review. Third, ap-

pellate courts will be free to more expeditiously dispose of the issues properly preserved for appeal. Finally, the exception requirement will remove the advantage formerly enjoyed by the unprepared trial lawyer who looked to the appellate court to compensate for his trial omissions." 457 Pa. at 259, 322 A.2d at 116-17. (footnotes omitted).

There can be no doubt that these reasons apply as well in the criminal area. Moreover, there is no reason to distinguish between civil and criminal cases in this regard in view of the fact that there are comparable rules requiring specific objection in both sets of procedural rules. Compare Rule 227b of the Pennsylvania Rules of Civil Procedure with Rule 1119b of the Pennsylvania Rules of Criminal Procedure. Indeed, abrogating the doctrine in the criminal area may be even more compelling since any error that deprives a defendant of due process can more properly be remedied by a claim of ineffective assistance of counsel. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Our standard for effective assistance of counsel is a meaningful test and not simply a fictional standard which does no more than allow appellate courts the opportunity to select those alleged errors they may wish to review.

Appellant additionally complains of the improper questioning of a witness who was asked whether he had had sexual relations with the deceased, appellant's wife, thereby tending to show a motive for the killing. Appellant claims that this was improper, first, because it was a question tending to incriminate the witness. We need not express any opinion on the merits of this claim for here too no objection was made to this testimony nor was any motion made to have it stricken. The same reasons for requiring specific objections to the charge apply to the failure of entering timely objections during the course of the presentation of the evidence.

The trial judge must be given an opportunity to rectify errors at the time they are made. As we have often said before: "[A] party may not remain silent and take chances on a verdict and afterwards complain of matters which, if erroneous, the Court would have corrected." *Commonwealth v. Marlin*, 452 Pa. 380, 382, 305 A.2d 14, 16 (1973). *See also, Commonwealth v. Morgan*, 448 Pa. 494, 295 A.2d 77 (1972).

Accordingly no longer will allegations of basic and fundamental error serve to enable parties in criminal matters to seek reversal on alleged errors not properly raised below.

Judgment affirmed.

DISSENTING OPINION BY MR. JUSTICE POMEROY:

In *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974), the Court, over the dissent of this writer and Mr. Justice EAGEN, discarded the doctrine of basic and fundamental error in civil cases involving the failure to object to errors in the charge to the jury. The Court today extends its ban on that doctrine to criminal cases, and not only to erroneous jury instructions but also to errors in the presentation of evidence. This extension comes as no surprise, and indeed was anticipated in the *Dilliplaine* dissent. Nothing in today's opinion changes the belief I expressed in *Dilliplaine* that the discarding of the rule was both "unnecessary and unwise."

The Court states that the same factors which caused it to abrogate the doctrine in civil cases apply equally in the criminal area, and points out that the rules of criminal procedure, like those of civil procedure, require specific objections. This seems a slender thread to tie these decisions together. While, of course, it is never proper to think of our advocacy system merely as a game to be won or lost according to how well the players know the rules, there is less room for such

thinking in the criminal area than anywhere else in the law. In the stress of trial, what lawyer has not erred? But the doctrine of basic and fundamental error in criminal cases was not designed to reward the unprepared and incautious attorney; rather, it was to insure a basically fair trial to every defendant, many of whom, of course, have no choice in the selection of their lawyers.

Although one of the purposes the Court advances for the abolition of the doctrine is aid to the cause of judicial economy, it concludes its discussion of this issue by observing that ". . . abrogating the doctrine in criminal cases may be even more compelling [than in civil cases] since any error that deprives a defendant of due process can more properly be remedied by a claim of ineffective assistance of counsel." Opinion of the Court, *supra*, 422. Thus today's decision virtually invites more post-conviction hearings, to be followed inevitably by more appeals. As the dissenters in *Dilliplaine* stated: "A truly egregious criminal trial error which we decline to consider on appeal because not preserved below is almost certain to resurface in a post-conviction proceeding in the form of a charge of ineffectiveness of counsel. Considerations of judicial economy argue in favor of dealing with errors of this sort on direct appeal from the judgment of sentence. See, e.g., *Commonwealth v. Hallowell*, [444 Pa. 221, 226-27, 282 A.2d 327 (1971)]." 457 Pa. at 263-64. I continue to adhere to those views.

For the reasons set forth in the writer's opinion in *Dilliplaine,* partly reiterated above, I respectfully dissent.

Mr. Justice EAGEN and Mr. Justice O'BRIEN join in this dissenting opinion.