Commonwealth *v.* Brown, Appellant.

Submitted June 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*George Gershenfeld,* for appellant.

*David Richman, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., December 11, 1974:

Appellant was convicted of attempting to kill Officer Boyle of the Philadelphia Police. He contends that the facts proved were insufficient to sustain a conviction for the statutory crime of "Attempt with Intent to Kill."[1] The facts have been stipulated to be as follows: "[A]ppellant jumped into a 1968 yellow and black Buick and drove down Broad Street. Officer McDermott reported the incident over the police radio. Officer John Boyle, walking east on Vine Street near Juniper Street, observed appellant driving north at a high rate of speed. When he stepped into the middle of the street to signal the automobile to stop, appellant increased his speed forcing Officer Boyle to dive to the pavement."

---

[1] Act of June 24, 1939, P.L. 872, §711, 18 P.S. §4711. (Repealed as of June 6, 1973. Act of Dec. 6, 1972, P.L. 1482, No. 334, §5.) The relevant provision reads as follows: "Whoever attempts to administer any poison or other destructive thing, or attempts to cut or stab or wound, or shoots at any person, or, by drawing a trigger or in any other manner, attempts to discharge any kind of loaded arms at any person or attempts to drown, suffocate, or strangle any person, with intent to commit the crime of murder, although no bodily injury is effected, is guilty of felony . . . ."

Appellant was tried before Judge MARSHALL sitting without a jury. The indictment on which he was found guilty is on a standard printed form used by the Philadelphia District Attorney's office. On the front of this form, under the heading "Charges", the following is printed, all in capital letters and in heavy black type: "Attempt With Intent to Kill and Murder." Beneath this statement of the charges is an empty space headed "Docket in Chronological Order." Here there is written the trial date, the names of the judge, counsel, stenographer, and clerk, various entries as to the trial (*e.g.*, that a demurrer was overruled), the verdict, the fact that an oral motion for a new trial was denied, the sentence, and the amount of bail. At the bottom of these entries is the judge's signature. On the reverse side of the form there appears the formal presentment, signed by an assistant district attorney. At the top is a caption. There then follow three counts. These precisely reflect the language of the Act of June 24, 1939, cited *supra* note 1. The first count charges "attempt to cut or stab or wound"; the second count charges "attempt to shoot, or, by drawing a trigger or in any other manner, attempt to discharge a kind of loaded arm"; and the third count charges "attempt to drown, suffocate or strangle, or to administer a poison or other destructive thing." In the present case the second and third counts are crossed out, and the first count has been changed to charge as follows:[2] "First Count: That, on on [*sic*] about *August 16, 1972,* in Philadelphia County EMANUEL DAVID BROWN unlawfully and feloniously did attempt to [cut or stab or] wound *by running down with motor vehicle* with intent to kill and murder the said *John Boyle 4344.*"

---

[2] In the following quotation, words simply quoted represent words printed on the standard form; words italicized represent words typed in blank spaces on the form; and words in brackets represent words printed on the standard form but crossed out.

The Commonwealth contends that this language was intended to be, and as a matter of law was, an indictment for attempted murder at common law.[3] However, the opinion of the trial judge, written after this appeal was filed, makes it plain that she thought she was trying a defendant indicted not for attempted murder at common law but for attempted murder as defined by the Act of June 24, 1939, *supra*, §711, 18 P.S. §4711. Thus the judge in her opinion expressly states that she "convicted the defendant of Attempt With Intent to Kill . . . , a violation of the Act of June 24, 1939. . . ." She then proceeds to quote the Act and to cite and discuss *Commonwealth v. Clopton*, 447 Pa. 1, 289 A. 2d 455 (1972), which held[4] that attempts to kill by means of any of the instrumentalities enumerated in the Act of June 24, 1939, *supra*, were not punishable as attempted murder at common law. As the trial judge observed, *Clopton* established two mutually exclusive types of attempted murder: attempted murder by one of the means enumerated in the Act of June 24, 1939, which can only be punished under the Act, and attempted murder by other means, which can only be punished at common law. Having completed this analysis, the trial judge concluded as follows:

"Following the Pennsylvania Supreme Court's reasoning in the above case [*Clopton*], *this Court finds that it erroneously convicted the defendant under §4711, a*

---

[3] Under the Act of June 24, 1939, *supra*, §1101, 18 P.S. §5101, common law crimes were retained to the extent that they were not "specifically provided for by [the Act]". The Act was in effect at the time of appellant's trial (September 18, 1973). It has since been repealed: Act of Dec. 6, 1972, P.L. 1482, No. 334, §5, 18 Pa. C.S. §5 (1974).

[4] The holding was by a plurality only. The opinion of the Court was by EAGEN, J., joined by O'BRIEN and POMEROY, JJ.; ROBERTS, J., dissented, the Chief Justice joining him; the former Chief Justice and BARBIERI, J., did not participate.

statute under which the defendant could not have been indicted based on the facts of the instant case. Since that statute refers only to attempts to kill by guns, knives and poisons, this Court cannot properly convict the defendant since he did not use any of those weapons in his attempt to kill the officer, but rather attempting to run the officer down with a car he was driving.

"No agreement could be reached by the District Attorney and defense counsel to remand the case to the trial court.

"Therefore, it is this Court's opinion and recommendation to the Superior Court that the instant case should be dismissed." [Emphasis added.]

Despite this unequivocal statement by the trial judge that she tried and convicted appellant for statutory attempted murder, the fact remains that the Commonwealth is correct that the indictment did not charge him with statutory attempted murder but with attempted murder at common law. Indeed, the indictment comes within the precise situation used by Mr. Justice EAGEN in his opinion in *Clopton* to illustrate the holding of that case. Thus the Justice said: "We hold . . . , that there being no apparent reason, other than preemption, for the legislature to enact with such specificity the crime of attempted murder by gun, knife or poison, the common law indictment for that offense by those means can no longer be brought with success. This does *not* mean to say that attempts by *other means* (such as attempting to run over the intended victim with an automobile, for example) are not still punishable as common law attempted murder." *Commonwealth v. Clopton, supra* at 12, 289 A. 2d at 460.

In short, here we have a verdict of guilty of a statutory crime on an indictment that charges a common law crime. In deciding what should be done in this situation it is helpful to consider how it came about.

As remarked above, JUDGE MARSHALL tried the case without a jury. Had she been sitting with a jury, she would (it is plain from her opinion) have charged the jury that the applicable law was the Act of June 24, 1939, *supra*. The assistant district attorney could then have corrected her by pointing out that the indictment did not charge a violation of that Act but a common law crime. (If the assistant district attorney had not done this, it would follow that the Commonwealth would have assented to the charge and would therefore be estopped on appeal to argue error in the charge. *Commonwealth v. Clair*, 458 Pa. 418, 326 A. 2d 272 (1974)). Here, however, since there was no jury, Judge MARSHALL'S "charge" was simply a private instruction given by herself as judge to herself as fact-finder. Until her post-verdict opinion, neither side knew she had privately instructed herself erroneously. Hence neither side could have excepted, and therefore neither can now be held estopped.[5]

On these facts it cannot be said that appellant has been convicted, for the verdict does not respond to the indictment. *Commonwealth v. Lee,* 454 Pa. 526, 312 A. 2d 391 (1973). Neither can it be said, however, that he has been acquitted, nor even that he has been placed in jeopardy. He simply has never been tried for the crime charged in the indictment. It follows that the judgment of sentence must be vacated. Appellant will

---

[5] No doubt the judge fell into error because she only examined the one side of the indictment, thinking it was the standard form that she must have had repeated occasion to use. We note from the transcript that at no time was the indictment read into the record. Instead, reference was made only to the indictment number and the name of the crime charged. The better practice is for the crier to read the entire indictment to the defendant, when taking his plea. This would have avoided the difficulty here, as it would have in *Commonwealth v. Hoffman*, 230 Pa. Superior Ct. 444, 331 A.2d 805 (1974).

not, however, be discharged. Rather, the case will be remanded so that he may be tried. This will not be a "new trial" but the first trial on the indictment that has brought him before the court.

The judgment of sentence is vacated and the case is remanded with a *procedendo*.

WATKINS, P. J., dissents.