353 A.2d 383

COMMONWEALTH of Pennsylvania

v.

Samuel EDWARDS, Appellant.

Supreme Court of Pennsylvania.

Submitted Jan. 14, 1976.

Decided March 17, 1976.

William J. Cottrell, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Samuel Edwards raises two issues on this appeal [1] from his conviction of voluntary manslaughter: [2] (1) was his motion for a new trial erroneously denied because the trial court, sitting without a jury, considered information improperly received during the jury waiver colloquy; and (2) was the evidence sufficient to sustain the conviction for voluntary manslaughter. We consider only the second issue because the first issue, the alleged improper consideration of colloquy information by the trial court, was not raised by post-verdict motions. [3] We find no merit to the remaining claim and affirm.

The evidence introduced at appellant's trial consisted largely of the testimony of his married daughter, Edna Bynum. She testified that she had separated from her husband, decedent, and was living with her parents at the time of the killing. On June 1, 1974, she was accosted by her husband on the street near her parents' home. Her husband followed her home, physically restrained her on the front porch of the house and started to beat her. She sent her younger sister into the house to call

1. We hear this appeal under authority of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202.(1) (Supp.1975).

2. Appellant was also convicted of possession of instruments of crime. No appeal is before this Court on that conviction. Appellant was sentenced to seven years probation on the voluntary manslaughter charge and 6 to 23 months in prison on the possession of instruments of crime conviction.

3. See Commonwealth v. Clair, 458 Pa. 418, 326 A.2d 272 (1974).

her father, appellant. Appellant appeared on the front porch and told decedent to stop beating his daughter. Decedent released her and retreated down the steps until he was approximately five feet from her and three feet from appellant who was standing on the porch. The witness heard some shots, saw her husband stagger to his car and saw her father standing on the porch with a gun in his hand.

The test for the sufficiency of evidence in a criminal case is whether, viewing all of the evidence admitted at trial in the light most favorable to the Commonwealth and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt. See *Commonwealth v. Green*, 464 Pa. 557, 565, 347 A.2d 682, 686 (1975); *Commonwealth v. Robson*, 461 Pa. 615, 627, 337 A.2d 573, 578 (1975).

Voluntary manslaughter is defined as the killing of an individual without lawful justification under a sudden and intense passion resulting from serious provocation by the individual killed. 18 Pa.C.S.A. § 2503 (1973). Appellant's conduct falls precisely within this definition.

Appellant urges that his conduct should be excused as a killing in self-defense. This contention was considered and rejected by the trial court sitting as factfinder. At the time of the killing it is apparent that decedent was retreating in the face of the show of force. At that point it was unnecessary to use greater force than the mere threat, yet appellant shot decedent. In these circumstances a claim of self-defense may properly be rejected.

Judgment of sentence affirmed.