357 A.2d 133
**COMMONWEALTH of Pennsylvania**
v.
**Stanley YATES, Appellant.**

Supreme Court of Pennsylvania.
Submitted Jan. 12, 1976.
Decided May 12, 1976.

Robert B. Mozenter, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Gold-blatt, Asst. Dist. Atty., Marianne E. Cox, Asst. Dist. Atty., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM:

Judgment of sentence affirmed.

ROBERTS, J., filed a concurring opinion.

ROBERTS, Justice (concurring).

Appellant contends that his confession was coerced and therefore should have been suppressed. His claim is based on two factors: (1) his own disputed testimony at the suppression hearing that his request to see his attorney was denied and that he was physically abused; and (2) the testimony at trial of his attorney that he telephoned the police station and was given false information.

Appellant's first argument is without merit because the credibility of witnesses is within the province of the fact-finder. *Commonwealth v. Garvin*, 448 Pa. 258, 269, 293 A.2d 33, 39 (1972). His second argument is also meritless. Appellant did not present his attorney's testimony to the suppression court and made no showing that the testimony was unavailable at the time of the suppression hearing as required by Pa.R.Crim.P. 323(j).* Consequently, appellant's second contention is waived. See *Commonwealth v. Clair*, 457 Pa. 474, 326 A.2d 272 (1973); *Commonwealth v. Sasser*, 453 Pa. 622, 309 A.2d 352 (1973). I therefore concur in the affirmance of appellant's judgment of sentence.

---

* It appears that appellant did not even attack the admissibility of his confession at trial. He neither objected nor made an offer of proof of inadmissibility when the Commonwealth presented the confession. The record reveals that the attorney's testimony was offered to attack the weight that should be given the confession rather than to attack its admissibility.