386 A.2d 952

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**David Lee HASSINGER.**

Supreme Court of Pennsylvania.

Argued Sept. 30, 1977.

Decided April 28, 1978.

Reargument Denied June 12, 1978.

Clyde R. Bomgardner, Sp. Asst. Atty. Gen., Mifflintown, for appellant.

Larry F. Knepp, Lewistown, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION OF THE COURT

PER CURIAM.

The Court being equally divided the order of the Court of Common Pleas of Indiana County remains in effect.

Appellee, David Lee Hassinger is therefore discharged.

PACKEL, J., did not participate in the decision of this case.

ROBERTS, J., files an opinion in support of affirmance in which EAGEN, C. J., and MANDERINO, J., join.

O'BRIEN files an opinion in support of reversal in which POMEROY, J., joins.

NIX, J., concurs in the result reached by O'BRIEN, J., in the opinion in support of reversal.

## OPINION IN SUPPORT OF AFFIRMANCE

ROBERTS, Justice.

The trial court, after extensive oral argument, correctly. concluded that appellee had waived neither his right to have his claim considered nor his right to a speedy trial under Pa.R.Crim.P. 1100. Accordingly, we disagree with the Opinion in Support of Reversal that appellee has waived his right to have the "voluntariness" of his consent considered and would affirm the trial court on the merits.

On April 8, 1976, appellee filed an application for removal of the prosecuting attorneys assigned to his case. On April 12 and 14, 1976, hearings were held on the sole question of whether the prosecuting attorneys should be removed. During these hearings, no mention of any possible speedy trial problems was made. At 9:57 a. m., April 15, 1976, the court entered an order disposing of appellee's application. Sometime thereafter, appellee's counsel was advised by telephone that an order had been entered and that he should pick it up. At that time, appellee was incarcerated approximately fifteen miles from counsel's office. The order held that the prosecuting attorneys should be disqualified from further

service in the case, but conditioned granting such relief upon the signing by appellee and his counsel of a document stating:

"Now, April 15, 1976, Defendant and his counsel consent to extension of time for commencement of trial to and including September 13, 1976, agree not to move to dismiss above case by reason of delay of commencement of trial until said date and waive right under Pa.R.Crim.P. No. 1100 to commencement of trial before said date."

The order specifically required that appellee file the signed consent of record before noon that day. Appellee and his counsel signed and filed the form in the two hours permitted.

The Opinion in Support of Reversal erroneously applies *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974) to these facts to find a waiver. As the Opinion in Support of Reversal notes, *Clair* requires specific prompt objections to "[t]rial errors . . . made in the courtroom," *Commonwealth v. Clair*, supra, 458 Pa. at 420, 326 A.2d at 273, so that "[t]he trial judge [is] given an opportunity to rectify errors at the time they are made." Id., 458 Pa. at 423, 326 A.2d at 274. Here, the parties were never before the court on the issue of appellee's waiver of Rule 1100; the court never discussed with appellee the consent to waiver of Rule 1100, and the Commonwealth never filed a petition for a continuance prior to expiration of the 180-day time period.

In effect, the Opinion in Support of Reversal faults appellee for failing to object to "trial errors made in the courtroom" despite the fact that there were no on-going courtroom proceedings. The Opinion in Support of Reversal would have appellee complain to the same court which sua sponte required appellee to sign the waiver as a condition to insuring his constitutional right to a fair trial. In *Commonwealth v. Coleman*, 477 Pa. 400, - -, 383 A.2d 1268, 1272 (1978), Mr. Justice O'Brien, writing for the majority, recognized the futility of requiring such formalistic compliance with *Clair*. There, this Court reviewed appellee's discharge under Rule 1100 despite appellee's failure to file a pretrial

motion to dismiss, reasoning that such a motion would be futile "as the court had granted the Commonwealth's petition for extension of time."

Appellee here objected at the first opportunity to the court's action when, after appointment of new counsel and a change of venue, he filed a pretrial application for dismissal under Rule 1100(f) with the trial court. By so doing, appellee properly presented to the trial court the issue of the Rule 1100 violation. We, therefore, believe the issue is not waived and affirm the order of the trial court discharging appellee.

EAGEN, C. J., and MANDERINO, J., join this opinion.

## OPINION IN SUPPORT OF REVERSAL

O'BRIEN, Justice.

Appellee, David Lee Hassinger, was charged with felonious homicide and hit and run in connection with the death of Richard Lee Harvey, which occurred in Mifflin Borough, Juniata County, at or about 12:15 a. m., on November 9, 1975. The facts surrounding the above charges are: Hassinger was accused of deliberately striking Lee while driving a car, driving the car over Lee several times, and leaving the scene without rendering aid or disclosing his identity. He was arrested and a complaint was filed on the date of the incident.

The procedural history is as follows. On November 9, 1975, a criminal complaint was filed against appellee charging him with felonious homicide and hit and run. On November 12, 1975, Jeffery L. Snook Esquire, entered his appearance as defense counsel. Snook was privately retained counsel. A preliminary hearing was held on November 15, 1975, and on November 19, 1975 appellee was bound over to Criminal Court on the above charges. Various pretrial motions were filed and disposed of and the court then set March 15, 1976 as the trial date.

On March 9, 1976, appellee appeared for his arraignment and after being arraigned, he stated that he was dissatisfied

with Snook's representation. Appellee claimed that counsel was not consulting him about the case and moreover he could not afford to pay Snook. On March 11, Snook withdrew and H. Brown Fry, Public Defender, was appointed to represent the appellee. On March 19, the Public Defender withdrew from representing appellee. On March 30, the court below appointed Snook as court-appointed counsel to represent appellee. On April 8, 1976, appellee filed a petition to remove the prosecutors. The bases of appellee's claim were that: the prosecutors were Juniata County District Attorney Lester H. Zimmerman, Jr. and Assistant District Attorney Richard Serbin, both of whom are associated with David Barron in the private firm of Barron and Zimmerman. Shortly after being charged, Hassinger asked Barron to represent him. Zimmerman was *district attorney elect* at the time. Barron told Hassinger that he would be unable to take the case, but not before Hassinger revealed certain facts to him concerning the incident.

A hearing was held on April 12 and April 14 on the petition to remove the prosecutors. Pursuant to the hearing, on April 15, 1976, the court below entered the following order:

"Now, April 15, 1976, at 9:57 A.M., after hearing on April 12 and April 14, 1976, on Defendant's Application For Removal of Prosecuting Attorneys, the Court finds (1) that Defendant did, on November 9, 1975, make confidential disclosure to David M. Barron, Esquire, of facts with respect to the alleged incident, (2) that Lester H. Zimmerman, Jr., Esquire, was elected District Attorney of Juniata County on November 7, 1975, (3) that said Barron and Zimmerman then were and still are associated as partners in the practice of law in Mifflin and Juniata Counties, (4) that Richard M. Serbin, Esquire, was appointed Assistant District Attorney of Juniata County during the forepart of January of 1976, (5) that said Serbin was prior to and since November 9, 1975, associated with said partnership, (6) that such disclosure disqualified said Barron from serving in prosecutorial role in above case, (7) that such

disclosure may prejudice Defendant if said Zimmerman and Serbin were to continue in the prosecutorial role in above case and (8) that, by reason of such partnership, such disclosure and possibility of such prejudice, said Zimmerman and Serbin are disqualified from serving as Prosecuting Attorneys in above case wherefore relief sought by said Petition is granted upon condition that Defendant and his counsel sign and file of record before noon of this date document embodying the following:

Now, April 15, 1976, Defendant and his counsel consent to extension of time for commencement of trial to and including September 13, 1976, agree not to move to dismiss above case by reason of delay of commencement of trial until said date and waive right under Pa.R. Crim.P. No. 1100 to commencement of trial before said date."

Appellee and counsel executed the following consent pursuant to the April 15 order:

"Now, this 15th day of April, 1976, pursuant to Order of Court as of said date, after hearing on Defendant's Application for Removal of Prosecuting Attorneys, DAVID LEE HASSINGER, the Defendant herein, after being fully advised by his counsel concerning his right to speedy trial and his rights pursuant to Pa.R.Crim.P. No. 1100, consents to the extension of time for commencement of trial in the above matter to and including September 13, 1976, and agrees not to move to dismiss the above case by reason of commencement of trial until said date and waives any right under Pa.R.Crim.P. No. 1100 to commencement of trial before said date. This Consent is joined in by his counsel, Jeffrey L. Snook, Esq., at his specific request and direction.

/s/ David Lee Hassinger
DAVID LEE HASSINGER
BRUGLER & LEVIN
By: /s/ Jeffrey L. Snook
Jeffrey L. Snook"

On May 27, 1976, this court entered an order changing the venue of the case to Indiana County. Hassinger was represented there by Larry F. Knepp, who was privately retained. Knepp moved on June 22 to quash the order of April 15 insofar as it extended the time during which trial could be commenced. On August 13, the court granted the motion, dismissed the charges with prejudice, and discharged Hassinger. The Commonwealth appealed pursuant to the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, Art. II, § 202, 17 P.S. § 211.202, under which we have exclusive jurisdiction over appeals from final orders in cases involving felonious homicide charges.

The Commonwealth argues that appellee, David Lee Hassinger, voluntarily waived his rights to a speedy trial under Pa.R.Crim.P. 1100. The court below in dismissing the criminal charges and discharging the appellant, held that Hassinger's "voluntary consent" was coerced within the meaning of the United States Supreme Court's decision in *Garrity v. New Jersey*, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967).

We do not reach the merits of whether appellee's consent to the April 15 Order was voluntary. There was no objection to the Order of April 15, which removed the prosecutors and "extended" the time for trial.

Absent such an objection, we believe that the court below erroneously considered appellant's motion to quash portions of the consent order and improperly discharged appellant.

In *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974), this court clearly articulated the rationale for requiring prompt specific objections. The *Clair* court, in quoting with approval, Mr. Justice Roberts' dissenting opinion in *Commonwealth v. Williams*, 432 Pa. 557, 248 A.2d 301 (1968), stated 458 Pa. at 420, 421, 326 A.2d 272 at 273:

" 'The proper functioning of our guilt-determining process neither requires nor assures a defendant an errorless trial. A defendant is, however, entitled to a fair trial free of such trial errors as his trial counsel timely sought to have corrected by calling them to the court's attention.

Trial errors are made in the courtroom and it is there that the correction process should at least be *initiated*.

" 'The defense may not successfully complain of trial errors for the first time *only* after the jury has returned a verdict of guilty, unless the errors were initially challenged at trial, and thereby preserved on appeal. The majority now—contrary to the whole course of modern trial procedure—encourages defense counsel to sit by silently without calling errors to the trial court's attention until *after* the guilty verdict is returned. In effect the majority's present approach places the appellate court in the role of a super-trial-defense counsel. Where counsel fails to call errors to the attention of the trial judge, the majority ignores that deficiency and assumes the function of protecting those failures by granting relief despite the silence of counsel at trial.' 432 Pa. at 569–70, 248 A.2d at 307–08." (Emphasis in original.)

The *Clair* court further stated:

". . . The trial judge must be given an opportunity to rectify errors at the time they are made. As we have often said before: '[A] party may not remain silent and take chances on a verdict and afterwards complain of matters which, if erroneous, the Court would have corrected.' *Commonwealth v. Marlin*, 452 Pa. 380, 382, 305 A.2d 14, 16 (1973). See also, *Commonwealth v. Morgan*, 448 Pa. 494, 295 A.2d 77 (1972)."

We believe *Clair* is controlling in the instant case. Defense counsel interposed no objection to the court's action in entering the April 15 order. Absent such an objection, we believe that the discharging court erroneously considered the "voluntariness" of consent.

We would reverse the order of the Court of Common Pleas of Indiana County and remand the case for further proceedings.

PACKEL, J., took no part in the decision of this case.

POMEROY, J., joins in this opinion.

NIX, J., concurs in the result reached in this opinion.