409 A.2d 25

COMMONWEALTH of Pennsylvania, Appellee,

v.

**Robert JONES, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 19, 1979.

Decided Dec. 21, 1979.

Michael J. Byrne, Jr., Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Division, Andrew B. Cohn, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION

PER CURIAM:

Robert Jones, appellant, was convicted by a jury in the Court of Common Pleas of Philadelphia of murder of the first degree. Judgment of sentence of life imprisonment was imposed, and this appeal followed.[1]

Jones argues the court erred in admitting at trial certain evidence which was obtained as a result of a statement[2] given to police which was allegedly obtained in violation of

1. Jones was also convicted of a weapons offense; but, sentence was suspended on that offense and no appeal was filed in connection with it.

2. The statement itself was not introduced into evidence at trial.

Pa.R.Crim.P. 130 and *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972).

■ We need not decide the merits of this argument because the admissibility of the statement on this ground was not specifically raised in pretrial motions in accordance with Pa.R.Crim.P. 323; hence, the issue of the admissibility of the alleged fruits of the statement on this ground is also waived. See, e. g., *Commonwealth v. Dussinger*, 478 Pa. 182, 191, 386 A.2d 500 (1978).

■ Next, Jones argues a new trial must be granted because of improper and inflammatory remarks by the prosecutor during her opening address. An objection was entered and clearly sustained. Counsel did not seek any further relief. Accordingly, the issue is waived. *Commonwealth v. Brown*, 467 Pa. 512, 359 A.2d 393 (1976).

■ Jones argues the trial court abused its discretion in allowing the prosecutor to ask certain leading questions of his own witnesses. We have examined the questions and do not believe an abuse of discretion, as would warrant a new trial, here occurred. See *Commonwealth v. Gockley*, 411 Pa. 437, 192 A.2d 693 (1963).

■ Jones argues a new trial must be granted because the trial court improperly interfered with the trial by making remarks and conducting questioning at various times. Many of the remarks and questions of the court, upon which this argument is based, were either not objected to and hence waived, *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974), or entirely proper under the circumstances. In any event, none of the remarks or questions warrant reversal.

■ Finally, Jones argues the trial court erred in charging the jury because it "overly favored prosecution evidence" and "erroneously stated the law." We have examined the alleged errors and find no merit to this argument. The

court properly recounted the evidence and, read as a whole, properly stated the law.

Judgment of sentence affirmed.

MANDERINO, J., did not participate in the decision of this case.