462 A.2d 762

**COMMONWEALTH of Pennsylvania**

v.

**Jane DOE a/k/a Joan Hill, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 13, 1982.

Filed June 24, 1983.

4

Peter J. Savage, Wilkes-Barre, for appellant.

Helen T. Kane, Assistant District Attorney, Media, for Commonwealth, appellee.

Before HESTER, JOHNSON and POPOVICH, JJ.

JOHNSON, Judge:

Appellant was found guilty by a jury on August 27, 1981 of violating the Pennsylvania obscenity statute, 18 Pa.C. S.A. § 5903(a)(2), in that she sold and displayed obscene materials to adults. Following denial of her oral post-verdict motions, she was sentenced to three years probation and fined $1,000. This appeal followed.

The facts indicate that on March 26, 1981, a Detective Greenwalt entered the Adult House, an adult bookstore located in Millbourne, Pennsylvania. Appellant was the sole employee present in the store at that time and she was observed seated at the cash register in the front of the store by a Detective Greenwalt. He observed various sexual devices hanging on racks on the wall including vibrators, artificial penises and artificial vaginas, all of which were displayed for sale. In the center of the store, Detective Greenwalt noticed a table on which were piled numerous magazines. The covers of these magazines depicted vari-

ous types of sexual conduct by either males or females exclusively or both. Books, films and additional magazines were displayed for sale throughout the store. At the rear of the store, Detective Greenwalt observed plywood video booths or "peep shows", where movies or portions thereof could be viewed after depositing quarters into a coin box.

Detective Greenwalt browsed throughout the store for approximately ten minutes. He then obtained change from Appellant and watched two movies which included various sexual acts by a male and female including scenes of bondage, anal and vaginal intercourse. Detective Greenwalt then selected two magazines and a book which he brought to Appellant at the front of the store. Appellant rang up the sale, Greenwalt paid her, and Appellant placed the items in a bag.

Shortly thereafter, Trooper Donald Fredericks of the Pennsylvania State Police entered the store and browsed around for approximately ten minutes. Trooper Fredericks then obtained change from Appellant and proceeded to the "peep show" area. Trooper Fredericks viewed a film depicting a male and female engaged in several sex acts. A second film viewed by Fredericks depicted two females engaged in sexual acts. Fredericks selected three magazines which he purchased from Appellant and then departed.

Based upon the observations of these officers, an arrest warrant was obtained and Appellant was arrested and charged with violations of the obscenity statute, 18 Pa.C. S.A. § 5903.

Appellant raises seven issues on appeal, *viz.*, (1) the adequacy of the scope of the voir dire, (2) whether it was essential to conduct a voir dire with respect to the educational, occupational and religious backgrounds of the prospective jurors, based on the charge in the instant case, (3) whether it was prejudicial for the trial court to permit an assistant district attorney, who had met with Appellant some three months prior to her arrest, to testify regarding Appellant's control of the store, (4) whether the assistant

district attorney's testimony disclosed and revealed confidential communications, (5) whether the trial court erred in permitting the detective and trooper to testify regarding their viewing of certain films and observing certain items for sale in the store, (6) whether adequate proof of knowledge or scienter regarding the nature of the items seized was presented, and (7) whether the statute, 18 Pa.C.S.A. § 5903, is unconstitutional.

■■■ As to Appellant's first two issues relating to the voir dire of prospective jurors, no specific objections were made at the time of voir dire and therefore, these issues have been waived.[1] *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974); *Commonwealth v. Glover*, 265 Pa.Super. 19, 401 A.2d 779 (1979) (issue concerning improper restriction of voir dire of prospective jurors waived by failure to preserve issue for review by timely objection and in post-verdict motions).

Appellant's third and fourth issues concern the testimony of assistant district attorney Margaret Hutchinson. Attorney Hutchinson's testimony involved her prior contact, in December of 1980, with Appellant as the result of a robbery which occurred at the Adult House. Appellant was the victim of that robbery. Attorney Hutchinson stated, inter alia, that Appellant had testified at a suppression hearing concerning the robbery to being the manager of the Adult House at the time of the robbery. This testimony was introduced to show the length of Appellant's employment and her employee status in order to prove her knowledge or reason to know the nature of the items sold at Adult House.

■■■ Appellant argues in her third issue that the introduction of this testimony was prejudicial and improper, as merely in response to Appellant's opening statement, wherein counsel stated that Appellant had been employed in

1. We note that the side-bar conferences during voir dire were not transcribed. However, even if proper objections were set forth at side-bar, we are restricted to the record concerning preservation of issues for appeal. *See Commonwealth v. Thomas*, 465 Pa. 442, 350 A.2d 847 (1976).

the store for only a day or two at the time of her arrest. We disagree. It is clear from the record that Attorney Hutchinson's testimony was presented to circumstantially prove an element of the crime charged, namely Appellant's knowledge or reason to know that the items sold by her were obscene. The law is clear that evidence which tends to establish facts material to a criminal prosecution or which tends to make a fact at issue more or less possible, is relevant. *Commonwealth v. Brown*, 489 Pa. 285, 414 A.2d 70 (1980).

Also, the purpose of this testimony was to prove the scienter element made a part of this statute. The Commonwealth was required to prove that Appellant either had general knowledge, reason to know or belief or ground for belief which would warrant further inspection or inquiry of the obscene character of the materials involved. *See Mishkin v. New York*, 383 U.S. 502, 86 S.Ct. 958, 16 L.Ed.2d 56 (1966) (federal constitution requires proof of scienter in state obscenity prosecutions).

 Appellant further argues that this testimony was introduced improperly as a prior inconsistent statement. It is true that prior inconsistent statements are not admissible if concerned with collateral matters. *In re Farms*, 216 Pa.Super. 445, 268 A.2d 170 (1970). However, as we have determined that this testimony is not merely collateral but goes to proof of an element of the crime, we find no merit to this argument.

Therefore, the evidence of Appellant's length of employment and employment status was both relevant and material and as such, properly admitted by the trial court.

 Appellant also alleges in her fourth argument that Appellant's communications with Attorney Hutchinson were confidential. Appellant argues that because the district attorney's office prosecuted this case, they are barred from calling a non-participating assistant district attorney to testify. We disagree. Attorney Hutchinson did not participate in the trial prosecution, other than as a Commonwealth

witness. Appellant's citations to authority are therefore not determinative of this issue, as they discuss situations where an attorney appears *both* as an advocate and as a witness. Attorney Hutchinson was not an advocate in this case. As we find no authority for the allegation that this testimony was confidential, we hold this issue to be meritless.[2]

■ Appellant's fifth issue alleges that the testimony of the detective and trooper was inadmissible, as to their description of the films they viewed while in the store and various items for sale which they testified were on display.

Appellant alleges that because she was not on trial for any violation concerning the sale or use of these items and films, that any testimony with regard to their presence in the store was collateral and prejudicial. Appellant correctly states that this testimony did not indicate that Appellant advised either the detective or trooper to view any film or purchase any item whatsoever. Nor did it indicate that Appellant knew of the actual contents of the items purchased. However, as with the testimony of Attorney Hutchinson, the evidence was relevant to prove that Appellant had reason to know or inquire into the obscene nature of the items sold to the authorities. This testimony was therefore properly admitted.

■ Appellant's sixth issue questions the adequacy of proof concerning her knowledge of the obscene nature of the items purchased.

As stated *supra,* knowledge or scienter is an essential element in an obscenity conviction. The statute in the instant case states:

2. We note that the majority of Attorney Hutchinson's testimony concerned her recollection of Appellant's testimony at a suppression hearing. Therefore, any alleged "privilege" concerning communications between Appellant and Attorney Hutchinson was waived as to any statements voluntarily made under oath by Appellant at said hearing. Hence, the communications were not confidential.

### § 5903. Obscene and other sexual materials

(a) Offenses defined.—No person, knowing the obscene character of the materials involved, shall:

. . . . .

(2) sell, lend, distribute, exhibit, give away or show any obscene materials to any person 17 years of age or older or offer to sell, lend, distribute, exhibit or give away or show, or have in his possession with intent to sell, lend, distribute, exhibit or give away or show any obscene materials to any person 17 years of age or older, or knowingly advertise any obscene materials in any manner; ...

Section (b) of the statute defines "knowing" as:

"Knowing." As used in subsection (a), knowing means having general knowledge of, or reason to know or a belief or ground for belief which warrants further inspection or inquiry of, the character and content of any material described therein which is reasonably susceptible of examination by the defendant.

In reviewing a challenge to the sufficiency of the evidence, all evidence favorable to the Commonwealth must be accepted as true, as must all reasonable inferences which may be drawn from that evidence. *Commonwealth v. Ilgenfritz*, 466 Pa. 345, 353 A.2d 387 (1976).

There is no dispute that Appellant did not examine the specific articles purchased by the detective and trooper, but that she merely processed the actual sale, without viewing the contents. However, the other evidence presented was, on our review of the record, adequate to prove beyond a reasonable doubt that Appellant had reason to know or inquire into the obscene nature of the material in question.

The record shows that Appellant was the sole employee of the store at the time of the sale and had been employed for a number of months. Her own testimony indicated that she placed books and the magazines on display as part of her duties. The detective and trooper also testified as to various items displayed in plain view throughout the store. They also testified to the pictorial content of the covers of

10

certain magazines which, although wrapped in clear cellophane so that the actual contents between the outside covers could not be viewed, clearly displayed sexual acts being performed. We find, upon reviewing the entire record, that sufficient evidence was presented.

Finally, Appellant questions the constitutionality of 18 Pa.C.S.A. § 5903 as vague and overbroad.

It is well-settled that obscene material is not protected by the First Amendment. *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), *reh. denied,* 414 U.S. 881, 94 S.Ct. 26, 38 L.Ed.2d 128 (1973); *Long v. 130 Market St. Gift & Novelty of Johnstown* (hereinafter *Long* ), 294 Pa.Super. 383, 440 A.2d 517 (1982). There is also no fundamental right to protection from prosecution for the publication of matter abusive of the right to free expression, such as obscene matter, under the Pennsylvania Constitution, Article I, § 7. *Long supra.*

Because obscenity is not constitutionally protected, a state may create such classifications as necessary to effectuate the regulation of such materials' dissemination or publication, so long as the state has a legitimate interest in such regulation. *Long supra.* The U.S. Supreme Court in *Miller v. California* laid down the standard for such state regulation:

State statutes designed to regulate obscene materials must be carefully limited. As a result, we now confine the permissible scope of such regulation to works which depict or describe sexual conduct. That conduct must be specifically defined by state law, as written or authoritatively construed. A state offense must also be limited to works which, taken as a whole, appeal to the prurient interest in sex, which portray sexual conduct in a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political or scientific value.

413 U.S. at 24–5, 93 S.Ct. at 2614–15, 37 L.Ed.2d at 430–1 (citation and footnote omitted). The court also set forth the

basic guidelines to be used by the trier of fact in determining whether a work is obscene:

(1) whether the average person, applying contemporary community standards, would find that the work, taken as a whole, appeals to the prurient interest;

(2) whether the work depicts or describes in a patently offensive way, sexual conduct specifically defined by the applicable state law; and

(3) whether the work, taken as a whole, lacks serious literary, artistic, political or scientific value.

413 U.S. at 24, 93 S.Ct. at 2614–15, 27 L.Ed.2d at 431.

■ We note at the outset of our analysis that there is a strong presumption in favor of the constitutionality of statutes and the burden rests heavily upon parties seeking to upset legislative action on constitutional grounds. *Commonwealth v. Finnegan*, 280 Pa.Super. 584, 421 A.2d 1086 (1980). We hold that Appellant has failed to meet this burden.

■ Appellant first argues that section (a)(2) of the statute is overbroad in that it intrudes into the individual's protected zone of privacy by, *e.g.*, making the mere possession of obscene material criminal, in contravention of *Stanley v. Georgia*, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969). In *Stanley*, the court held that the First and Fourteenth Amendments prohibit making mere private possession of obscene material a crime. However, in *Stanley*, the defendant was charged with a portion of a Georgia statute making criminal the mere knowing possession of obscene matter. The Pennsylvania statute requires more, namely that the party either sell, distribute, exhibit, etc., offer to sell, distribute, exhibit, etc. or have in his possession *with intent* to sell, distribute, exhibit, etc. These additional elements of the Pennsylvania statute clearly distinguish it from the *Stanley* case involving private possession only. We therefore find no merit in this argument.

■ Appellant further argues that the statute is vague and overbroad in terms of the definition of knowing, which

term is an element of the crime of obscenity. As stated earlier in this opinion, scienter or knowledge is constitutionally required to support a state obscenity conviction. *See Mishkin v. New York, supra. See also Hamling v. U.S.,* 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *Ginsberg v. New York,* 390 U.S. 629, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968).

A reading of the statute as a whole clearly indicates that only those who are in some manner aware of the character of the material alleged to be obscene may be convicted under 5903(a)(2). *See Hamling v. U.S.,* 418 U.S. at 123–4, 94 S.Ct. at 2910–11, 41 L.Ed.2d at 624; *Ginsberg v. New York,* 390 U.S. at 644–45, 88 S.Ct. at 1283, 20 L.Ed.2d at 206–7 (refusing to hold nearly identical New York statutory provision defining "knowing" unconstitutionally vague).

We therefore hold that 18 Pa.C.S.A. § 5903(a)(2) and the definition of the term "knowing" in section (b) are not unconstitutionally vague nor overbroad.

Judgment of sentence is affirmed.

POPOVICH, J., concurs in the result.