[J-20-2019][M.O. - Mundy, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 36 MAP 2018 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court at No. 1787 MDA 2016 dated |
| | : | January 19, 2018, Vacating the Order of |
| v. | : | the Court of Common Pleas of |
| | : | Lycoming County, Criminal Division, at |
| | : | No. CP-41-CR-1083-2014 dated |
| KIRK JACOB HAYS, | : | October 31, 2016 and remanding. |
| | : | |
| Appellant | : | SUBMITTED:  February 6, 2019 |

**CONCURRING OPINION**

**CHIEF JUSTICE SAYLOR**                         **DECIDED:  October 31, 2019**

Consistent with the majority opinion, the Supreme Court of the United States has specified that federal retroactivity analysis does not preclude "reviewing courts [from] apply[ing] ordinary prudential doctrines, determining, for example, whether the issue was raised below or whether it fails the 'plain error' test." *United States v. Booker*, 543 U.S. 220, 268, 125 S. Ct. 738, 769 (2005); *see also Shea v. Louisiana,* 470 U.S. 51, 58 n. 4, 105 S. Ct. 1065, 1069 n.4 (1985) (explaining that the retroactive application of a new rule to cases pending on direct review is "subject, of course, to established principles of waiver, harmless error, and the like").  Accordingly, this case calls for a policy judgment at the state level -- independent from *Teague* retroactivity analysis -- concerning issue preservation.  *Accord State v. Robinson*, 253 P.3d 84, 89 (Wash. 2011) ("Issue preservation and retroactivity are distinct doctrines.").

Significantly, over the last several decades, this Court has generally applied waiver rules that are stricter than those that pertain in many other jurisdictions. For example, the Court has abrogated the plain error doctrine in Pennsylvania, *see Commonwealth v. Clair*, 458 Pa. 418, 423, 326 A.2d 272, 274 (1974), although that construct continues to prevail in many other courts. In this line of cases, this Court has stressed the institutional interests at stake, including avoiding a substantial erosion in finality and promoting efficient judicial administration, as well as extending fairness to other parties in litigation. *See id.* at 421-22, 326 A.2d at 273-74.

Thus, the plain error doctrine is not presently available as a means of securing judicial review of Appellant's *Birchfield* challenge. *Cf. State v. Vargas*, 404 P.3d 416, 420-21 (N.M. 2017) (reflecting an exercise of judicial discretion to apply the fundamental error doctrine, which does pertain in New Mexico, to reach an otherwise waived *Birchfield* claim). And, from my point of view, the Court should not proceed to weaken the otherwise prevailing practice on the strength of advocacy, such as the present presentation by Appellant, which makes no attempt to take *all* relevant interests into account.

In terms of Appellant's argument centered upon fairness to him, I find that his strongest point lies in the argument that he was precluded from raising a *Birchfield*-type challenge before the trial court, prior to *Birchfield's* issuance, by the prevailing Superior Court precedent holding that there was no constitutional right to refuse blood alcohol testing. *See* Brief for Appellant at 12 (citing *Commonwealth v. Carley*, 141 A.3d 1287, 1290 (Pa. Super. 2016), and *Commonwealth v. Beshore*, 916 A.2d 1128, 1141-42 (Pa. Super. 2007) (*en banc*)). Nevertheless, and again in contrast to other jurisdictions applying more liberal waiver precepts, this Court has declined to implement a futility doctrine that would relieve litigants of the requirement to advance objections and

challenges at the earliest opportunity on account of prior precedent. *See Schmidt v. Boardman Co.*, 608 Pa. 327, 355, 11 A.3d 924, 941 (2011) (majority decision, in relevant part).

In an appropriate case, I would be receptive to considering a moderate adjustment to our approach to futility, in cases involving the retroactive application of a new constitutional rule, along the lines of that adopted by the Supreme Court of Washington. That court has explained as follows:

> We recognize . . . that in a narrow class of cases, insistence on issue preservation would be counterproductive to the goal of judicial efficiency. Accordingly, we hold that principles of issue preservation do not apply where the following four conditions are met: (1) a court issues a new controlling constitutional interpretation material to the defendant's case, (2) that interpretation overrules an existing controlling interpretation, (3) the new interpretation applies retroactively to the defendant, and (4) the defendant's trial was completed prior to the new interpretation. A contrary rule would reward the criminal defendant bringing a meritless motion to suppress evidence that is clearly barred by binding precedent while punishing the criminal defendant who, in reliance on that binding precedent, declined to bring the meritless motion. The logical result would be the creation of a perverse incentive for criminal defendants to make "a long and virtually useless laundry list of objections to rulings that were plainly supported by existing precedent."

*Robinson*, 253 P.3d at 89 (quoting *Johnson v. U.S.*, 520 U.S. 461, 468, 117 S. Ct. 1544, 1549 (1997)). However, I believe it would be too greatly incongruous with the existing practice, including the general rejection of a futility rationale to excuse non-preservation of issues, to extend this modification beyond the overruling of previous precedent that had been established by a court of last resort, *i.e.*, the Supreme Court of the United States or this Court.

Because I conclude that this case does not concern the overruling of a previous decision by a court of last resort, I support the majority's holding that ordinary principles of issue preservation control. In this regard, I respectfully differ with Justice Donohue's position to the extent that she is suggesting that previous cases by this Court contravene the essential position of *Birchfield* that the physical intrusiveness of blood testing implicates heightened Fourth Amendment protection. Rather, I do not see that such an issue was raised in any of these cases. To the extent that the Court has discussed the constitutionality of the Implied Consent Law upon the resolution of other discrete challenges, constitutional or otherwise, I do not apprehend how this would have been deemed to foreclose timely pursuit, by Appellant, of the relevant one.

Finally, I recognize the tension between requiring preservation of issues that have been resolved by the intermediate courts and unsettled questions to secure relief and rejecting claims of deficient stewardship based on counsel's failure to do so. *See* Dissenting Opinion, *slip op.* at 7-8. Candidly, similar fairness questions are implicated by the Court's continuing adherence to its rejection of a plain error rule. Thus, such rejection is clearly premised on a balance of the competing interests involved, which is in conformity with my approach here. Moreover, some decisions of this Court, at least, consistent with my own personal perspective, evince a greater degree of circumspection relative to the ineffectiveness dynamic. *See, e.g.*, *Commonwealth v. Hughes*, 581 Pa. 274, 331, 865 A.2d 761, 795 (2004) ("Other courts also distinguish scenarios involving failure to anticipate a change in the law from the failure to pursue readily available arguments relative to unsettled law.").