471 A.2d 96

**COMMONWEALTH of Pennsylvania**

v.

**Eugene LUMPKINS, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 8, 1983.

Filed Jan. 20, 1984.

Petition for Allowance of Appeal Denied May 25, 1984.

John A. Halley, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CAVANAUGH, CIRILLO and CERCONE, JJ.

CIRILLO, Judge:

The appellant, Eugene Lumpkins, Jr., was charged with three counts of simple assault,[1] two counts of aggravated assault,[2] two counts of violating the Uniform Firearms Act,[3] and one count each of terroristic threats,[4] unlawful restraint,[5] and resisting arrest or other law enforcement.[6] He was tried on February 23, 1982 before the Honorable Robert E. Dauer and a jury. The following day, the jury returned a verdict of guilty on all counts. Motions for a new trial and in arrest of judgment were subsequently filed

1. Act of December 6, 1972, P.L.1482, No. 334, § 1, 18 Pa.C.S.A. § 2701(a)(1) and (3).

2. *Id., as amended,* 18 Pa.C.S.A. § 2702(a)(3).

3. *Id.,* 18 Pa.C.S.A. §§ 6105 and 6106.

4. *Id.,* 18 Pa.C.S.A. § 2706.

5. *Id., as amended,* 18 Pa.C.S.A. § 2902.

6. *Id.,* 18 Pa.C.S.A. § 5104.

and denied and on April 22, 1982 the appellant was sentenced to a series of prison terms totalling 7½ to 15 years. This appeal followed.

The appellant raises three questions for our review: 1) Was the evidence sufficient to sustain a conviction for terroristic threats? 2) Was the evidence sufficient to sustain a conviction for resisting arrest? 3) Did the trial court err in allowing a Commonwealth witness, a police officer, to display his gun in front of the jury?

In reviewing challenges to the sufficiency of the evidence, the test is whether, "viewing the evidence in the light most favorable to the Commonwealth and drawing all proper inferences favorable to the Commonwealth, the trier of fact could reasonably have determined all elements of the crime to have been established beyond a reasonable doubt." *Commonwealth v. Keblitis*, 500 Pa. 321, 323, 456 A.2d 149, 150 (1983).

*Commonwealth v. Jackson*, 316 Pa. Super. 553, 555, 463 A.2d 1036, 1037 (1983); *see also: Commonwealth v. Williams*, 317 Pa. Super. 456, 464 A.2d 411 (1983); *Commonwealth v. Miller*, 303 Pa. Super. 504, 450 A.2d 40 (1983). So viewed, the facts are as follows:

Detectives Robert McCabe and Ronald Freeman of the Pittsburgh Police Department were investigating a murder and had received a tip from an informant that the murder victim had been in contact with a prostitute shortly before his death. Pursuant to this tip, the officers travelled to the Greyhound Bus Terminal in downtown Pittsburgh in the early morning hours of September 19, 1981. There they observed a white female and a black male, later identified as the appellant, talking outside of the bus station. A few moments later, the female left with a white male companion and the appellant left shortly thereafter. The officers, who were in plain clothes, then approached the appellant, identified themselves as police, showed him identification, and informed him that they would like to ask him a few questions. The appellant was not a suspect to the murder.

The appellant, at that point, reached into his coat pocket and pulled out a handgun. A struggle ensued as the officers tried to subdue the appellant. Both detectives were struck and kicked by the appellant. Eventually, the appellant grabbed Officer McCabe by the shirt, spun him around and pointed the gun at his head. Officer Freeman, in the meantime, retreated to a nearby parked car. While holding Officer McCabe hostage, the appellant repeatedly threatened to kill both officers, indicated a desire to take Officer McCabe with him to enable him to escape, and struck and kicked the officer several times. After a short period of time, the appellant suddenly released the officer, turned and ran. The officers gave chase and fired their weapons at the appellant. The appellant was apprehended later that morning.

■ The appellant alleges that his utterances were the result of a spur-of-the-moment fear for his own safety and that the evidence does not show that he possessed the requisite "intent to terrorize" for a conviction of terroristic threats. The elements of the offense of terroristic threats are: 1) a threat to commit a crime of violence, and; 2) communication of such threat with intent to terrorize or with reckless disregard of the risk of causing such terror. *Commonwealth v. Ferrer*, 283 Pa. Super. 21, 423 A.2d 423 (1980); *see also: Commonwealth v. Speller*, 311 Pa. Super. 569, 458 A.2d 198 (1983).

In *Commonwealth v. Griffin*, 310 Pa. Super. 39, 456 A.2d 171 (1983), a panel of this Court held that statements under section 2706 of the Crimes Code need not be considered in a vacuum, but rather, should be looked at in light of the surrounding circumstances. Thus, the statement "I ought to kill you," made during the course of a robbery by someone brandishing a gun and kicking the person to whom the statement was made, is sufficient to constitute a threat under 18 Pa.C.S.A. § 2706. *Id.*, 310 Pa.Superior Ct. at 45, 456 A.2d at 174.

■ In the present matter, the appellant threatened to kill the police detectives while holding Officer McCabe hostage, pointing the revolver alternately at each of the officers and inflicting bodily injury on Officer McCabe. Clearly, in view of the attendant circumstances, the evidence was sufficient to support a conviction of terroristic threats. We, therefore, find no merit to the appellant's allegation.

The appellant next argues that he could not be convicted of resisting arrest since neither of the officers performed an act which indicated to the appellant that he was being placed in their custody. The appellant was convicted under section 5104 of the Crimes Code which reads as follows:

> A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

■ When the homicide detectives approached the appellant, on the morning of the incident, to question him regarding a murder, they were discharging an authorized duty. The appellant's subsequent actions of drawing his revolver and pointing it at Officers Freeman and McCabe, as well as striking and kicking the officers, created a substantial risk of bodily injury to these public servants. So too, substantial force was needed to overcome the resistance as both officers attempted to subdue the appellant by physical force and even fired their weapons at him as he fled. These events are plainly within the scope of section 5104. Therefore, we reject this claim made by the appellant. *Compare: Commonwealth v. Eberhardt*, 304 Pa. Super. 222, 450 A.2d 651 (1982) (Where defendant's actions were only an attempt to escape and were not aggressive assertions of physical force against officers, he could not be convicted under 18 Pa.C.S.A. § 5104).

The appellant also contends that the lower court committed reversible error when it permitted Officer McCabe, a

14

witness for the Commonwealth, to display his handgun to the jury. During direct examination, the following exchange occurred between Officer McCabe and Assistant District Attorney Rodney Baxter:

WITNESS: Yes, this appears to be the gun that was pointed at me that evening.

MR. BAXTER: And tell us who it was that was pointing this handgun at you.

WITNESS: It was the defendant in this case, Lumpkins, Eugene Lumpkins.

MR. BAXTER: How close to it did you get to be able to observe it?

WITNESS: It was right up against my face like this, I was looking right up that barrel.

MR. BAXTER: And you had your weapon on you at the time?

WITNESS: Yes, I did.

MR. BAXTER: Describe your weapon for us.

WITNESS: It's a .38 caliber revolver, Smith and Wesson.

MR. BAXTER: Did you bring it to court with you?

WITNESS: Yes.

MR. BAXTER: Could you display it to the jury, please?

WITNESS: This is my weapon.

MR. BAXTER: Is that the weapon that you used to fire after the Defendant, Mr. Lumpkins?

WITNESS: Yes, it is.

(N.T., 2/23/82 at 71).

It is axiomatic that a judge has broad discretion as to the manner in which a trial is to be conducted, particularly with regard to the admission or exclusion of evidence. *Commonwealth v. Niemetz*, 282 Pa. Super. 431, 422 A.2d 1369 (1981). Upon an examination of the applicable rules of evidence, one finds that a basic requisite for the admissibility of any evidence in a criminal case is that it be competent

and relevant.. *Commonwealth v. Potts,* 314 Pa. Super. 256, 460 A.2d 1127 (1983). Evidence is relevant when it tends to establish facts in issue or in some degree advances the inquiry and thus has probative value. *Commonwealth v. Sinwell,* 311 Pa. Super. 419, 457 A.2d 957 (1983). Not all relevant evidence is admissible, however, and the trial court may exercise its discretion to exclude evidence that, though relevant, may confuse, mislead, or prejudice the jury. *Commonwealth v. Perry,* 307 Pa. Super. 327, 453 A.2d 608 (1982). Since rulings on the relevancy of evidence rest within the sound discretion of the trial court, they will not be reversed absent a manifest abuse thereof. *Commonwealth v. Costanzo,* 269 Pa. Super. 413, 410 A.2d 324 (1979).

As previously noted, one of the elements of the offense of resisting arrest or other law enforcement is the requirement of substantial force to overcome the resistance. The display of Officer McCabe's revolver to the jury demonstrated the amount of force that was necessary to overcome the appellant's resistance. Therefore, this evidence is relevant.

Furthermore, we disagree with the appellant's bold and unsubstantiated assertion that he was prejudiced by the display of the gun. There is no per se rule against the trial tactic used in this instance. The display was not done in an inflammatory manner as Detective McCabe only showed the .38 caliber revolver to the jury, he did not demonstrate its use. *See: Commonwealth v. Harris,* 492 Pa. 389, 424 A.2d 1245 (1981). Moreover, the display was brief, was for a limited purpose, and was not objected to by defense counsel at the time it happened. Consequently, we conclude that the trial court committed no error in allowing the detective to display his revolver to the jurors. Since the relevancy of the evidence was established, it was for the jury to decide what weight, if any, was to be given thereto.

Judgment of sentenced affirmed.