512 A.2d 1234

**COMMONWEALTH of Pennsylvania**

v.

**Kathleen DOLLMAN, Appellant.**

Superior Court of Pennsylvania.

Argued March 24, 1986.

Filed July 16, 1986.

Timothy E. Finnerty, Pittsburgh, for appellant.

Dara A. DeCourcy, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before ROWLEY, WIEAND and DEL SOLE, JJ.

DEL SOLE, Judge:

Kathleen Dollman was tried before a jury in December, 1984 on a charge of criminal homicide. Although she argued a justification defense, the jury found her guilty of voluntary manslaughter and she was sentenced to a prison term of three to six years. This appeal followed the denial of her post trial motions.

The bizarre facts in this case are as follows. A human skull containing a bullet hole was found on June 18, 1980 near the home of the Appellant. The residents of the neighborhood, including the Appellant, were questioned but the skull remained unidentified. Four years later, prompted by a call from an informant, Kathleen Dollman was arrested and confessed to shooting her husband. Police and forensic investigation confirmed that the skull found in June, 1980 belonged to Edward Weismantle, Dollman's husband. Dollman told police that she shot her husband on December 22, 1979 because of the abuse she and her children were suffering at his hands. She and her thirteen year old son, with the help of a fifteen year old neighbor, buried the body in the cellar of her home. A few months thereafter, her son (and co-defendant) hacked the head from the victim's body and placed it in a plastic garbage barrel. The family dog found the head in the garbage barrel and carried it off. This is how the skull happened to be found and the police alerted, although the skull remained unidentified for another three years. After the skull was discovered, the Appellant drove to Ohio and threw the murder weapon into a lake.

In 1982, Appellant and a friend named John Orlando disinterred the victim's remains and burned them in her fireplace. What evidence of the corpse remained was put into a bag and left for the garbage pickup. Appellant and Orlando watched as the garbage truck carted the bag away.

In 1984, a friend of the Appellant who knew of the crime told the story to a social worker who immediately informed the police. The Appellant was located in Nashville, Tennessee where she was arrested by the local police and brought back to Pittsburgh. Her son was arrested in Pittsburgh and he stood trial with his mother.

The first issue raised in this appeal by Kathleen Dollman is whether the lower court abused its discretion when it denied the Appellant's motion to sever her case from that of her son. She claims she was prejudiced by the joint trial because first, her son exercised his right not to testify at

the trial and she thus was deprived of his testimony to support her justification defense; and second, his confession, which was admitted into evidence in redacted form, included material prejudicial to her. She claims the evidence that her son mutilated the victim's body, even though this was done without her knowledge, put her in a bad light.

The critical factor we must consider in reviewing this issue is whether the Appellant was unfairly prejudiced by the trial court's decision to consolidate the charges against Dollman and her son. We must weigh the possibility of prejudice and injustice against the consideration of judicial economy. *Commonwealth v. Morris*, 493 Pa. 164, 425 A.2d 715 (1981). The Appellant has the burden of showing that the consolidation of the trial was a manifest abuse of discretion or created a clear injustice. *Commonwealth v. Iacino*, 490 Pa. 119, 415 A.2d 61 (1980). We find that she has failed to carry her burden on this issue.

■ Appellant's contention that she was deprived of the testimony of her chief witness to the victim's abuse of the family is without merit. Her son's confession was read into the record and it contains a great deal of support for the Appellant's story that the victim was violent. (Trial Transcript, pp. 128 ff.) A psychologist also provided testimony that the victim was abusive. (Trial Transcript, pp. 229 ff.); Appellant's aunt (Trial Transcript pp. 524 ff.), and her probation officer, (Trial Transcript, pp. 530 ff.), testified that the Appellant was beaten by Weismantle. The Appellant testified at length on the subject herself, and there was testimony from her also in the two confessions which were read into the record, one confession offered by the prosecution and one offered in her own defense. Given the abundance of this corroborative testimony we do not find that the Appellant was prejudiced by being deprived of the in-court testimony of her son. We might also add that the Appellant cannot be sure that the son would have been willing to testify in her behalf.

■ The Appellant contends that she was also prejudiced by the joint trial because her son's confession, though redacted to remove information concerning her guilt, contained a discussion of the co-defendant's decapitation of the corpse. Her son, however, exonerated her by stating she had no knowledge of what he was doing. We find therefore she was not prejudiced unfairly by this evidence.

Appellant's second allegation of error is that the trial court erred in admitting evidence of subsequent conduct by the Appellant and her co-defendant which was highly prejudicial. She lists in her brief three acts, testimony about which should have been excluded because of their remoteness to the crime and the highly prejudicial nature of the acts. These are evidence that the co-defendant had decapitated the corpse; evidence that the Appellant threw away the gun a few months after the crime; and evidence that she and Orlando burned the remains in 1982. Appellant argues that even if there were probative value to this evidence, it is far outweighed by the prejudicial impact of this material.

In deciding whether to admit evidence, potential prejudice is always a factor to be considered and evidence which is logically relevant should be excluded where its probative value is outweighed by the unfair prejudice which would result from its admission. *Commonwealth v. Hickman*, 453 Pa. 427, 309 A.2d 564 (1973) (citations omitted). The decision whether to admit evidence that may be relevant but may also be unfairly prejudicial is a matter committed to the sound discretion of the trial court whose decision will not be reversed absent an abuse of discretion. *Commonwealth v. Underwood*, 347 Pa.Super. 256, 500 A.2d 820, 823 (1985). With this standard of review in mind we will analyze this issue raised by the Appellant in two steps: first, we ask whether the evidence complained of was relevant, and secondly, if relevant, was it so prejudicial that its admission amounted to an abuse of the trial court's discretion.

Evidence is relevant if it tends to establish a fact material to the case or tends to make facts at issue more or less

probable. *Commonwealth v. Jackson,* 336 Pa.Super. 609, 486 A.2d 431 (1984); *Commonwealth v. Doe,* 316 Pa.Super. 1, 462 A.2d 762 (1983). The Commonwealth has argued that the evidence of the disposition of the corpse and the disposal of the murder weapon is relevant because the jury may infer guilty consciousness from such facts. The Commonwealth was seeking a conviction for first degree murder in this case and therefore the prosecution introduced this evidence to support the case against Appellant by showing her guilty state of mind and allowing the jury to infer intent from the subsequent acts of the Appellant and her co-defendant. To support this argument the Commonwealth cites as authority *Commonwealth v. Soli,* 273 Pa.Super. 158, 417 A.2d 216 (1979), wherein a jury was permitted to hear evidence of the murder of a co-actor which occurred subsequent to the crime for which Soli was on trial. The motive for the subsequent murder was to cover up for the murder which was at issue in the case and thus held to be relevant.

■ We agree with the Commonwealth that evidence of acts to conceal a crime, such as disposing of the murder weapon and disposing of the victim's body are relevant to prove intent or state of mind. We find the evidence which is questioned here analogous to evidence of flight or of change in appearance, which our courts have held to be relevant and which may be admitted, along with other evidence, as an inference of guilt. *Commonwealth v. Colson,* 507 Pa. 440, 490 A.2d 811, 824 (1985); *Commonwealth v. Coyle,* 415 Pa. 379, 203 A.2d 782 (1964).

■ The next step in our analysis is to ask whether the evidence complained of, that is the co-defendant's decapitation of the corpse, the disposal of the gun, and the burning of the remains was so prejudicial that it outweighs the probative value it might have. Not all relevant evidence is admissible, and evidence which is relevant may be excluded if it will confuse, mislead of prejudice the jury. *Underwood, supra,* 347 Pa.Superior Ct. at 262, 500 A.2d at 823. Of course most of the evidence offered in a criminal

case by the prosecution will prejudice the defendant, but evidence which would create a tendency to move the jury to decide a case on an unfair basis, especially an emotional basis, may be excluded when it lacks substantial probative value. See McCormick, *Handbook of the Law of Evidence*, § 185 (2d ed. 1972).

As we have noted above, we do not find that the evidence that Jack Beauchamp decapitated the corpse prejudiced the defendant unfairly, in light of the fact that Beauchamp stated that he did this without his mother's knowledge. Nor do we find it was error to admit evidence that Dollman threw away the murder weapon. As we have stated before, evidence from which a jury may infer a sense of guilt, such as disposing of a murder weapon, is admissable to show intent when there is other evidence of guilt.

■ The evidence that Dollman and her friend Orlando dug up the victim's body two and one half years after the crime was committed and burned it in the fireplace, piece by piece, is on the other hand, far more prejudicial than it is probative. The grisly details of this process, recited by Orlando at trial and repeated by being read into the record as part of the Appellant's confession, are shocking and provide little to prove the facts which were at issue at the trial. The fact that the Appellant shot her husband was hardly at issue at all since the Commonwealth had obtained a confession from the Appellant. Her guilty conscience may have been inferred from the facts that she did not report the shooting, that she buried the body, that she covered up his disappearance by telling his family that he went to California, and by the fact that she threw away the gun she used to kill him. Testimony about the final attempt to destroy the remains was unnecessary to prove the prosecution's case.

We also fail to see how this evidence was used by the prosecution to disprove Dollman's justification defense. The Appellant had the burden of proving that she was justified in shooting him because he posed a threat to her and to her children. What she did with the body almost three years after the fact in no way advances this inquiry.

It is with reluctance that we reverse judgment of sentence. We do so with the knowledge that our scope of review of this type of evidentiary ruling made by a trial court is a narrow one. The facts presented in this case are such that we find that it was error to have admitted evidence of the burning of the victim's body and therefore a new trial must be granted.

Judgment of sentence reversed. Case remanded for a new trial. Jurisdiction relinquished.

ROWLEY, J., files a dissenting statement.

ROWLEY, Judge, dissenting:

I respectfully dissent. In my judgment the granting of a new trial under these circumstances invades the sound discretion vested in the trial judge and exceeds the narrow standard of appellate review assigned to us. The evidence complained of was relevant. My review of the record does not indicate that the appellant was unfairly prejudiced or that the jury was confused or misled by its introduction. In fact, the record suggests the contrary. The Commonwealth sought a conviction for first degree murder. The jury, instead, convicted appellant of only voluntary manslaughter. Therefore, I would affirm the judgment of sentence.