J-S79040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY MOYD, JR., | : | |
| | : | |
| Appellant | : | No. 701 MDA 2018 |

Appeal from the Judgment of Sentence April 3, 2018
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004269-2017

BEFORE: SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED FEBRUARY 28, 2019**

Anthony Moyd, Jr. ("Moyd"), appeals from the judgment of sentence imposed following his convictions of three counts of recklessly endangering another person and one count each of persons not to possess a firearm and terroristic threats.[1]  We affirm.

In July 2017, Moyd was cohabitating with Chanel Ballard ("Ballard").  On July 22, 2017, Ballard informed Moyd, via text message, that she wanted him to move out of her apartment.  Moyd texted back, threatening to shoot Ballard in the face.

The next morning, at approximately 6:00 a.m., Moyd entered Ballard's apartment while inebriated and carrying a loaded handgun.  Moyd proceeded upstairs and into Ballard's bedroom, where Ballard and her three children (the "children") had been sleeping.  When Ballard asked Moyd what he was doing,

---

[1] 18 Pa.C.S.A. §§ 2705, 6105(a)(1), 2706(a)(1).

the two began to argue, with Moyd waving the loaded handgun back and forth as he spoke. Moyd subsequently passed out on the bed. Ballard gathered the children, left the apartment, and called the police. Police responded to the apartment and took Moyd into custody. A subsequent search of the apartment revealed a loaded .357-caliber revolver and a bag of ammunition on the bed where Moyd had been sleeping.

Following a jury trial, Moyd was convicted of the above-mentioned crimes. Moyd was sentenced to an aggregate term of 5 to 10 years in prison. Moyd filed a post-sentence Motion raising a weight of the evidence claim, which was denied by the trial court. Moyd filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Moyd raises the following questions for our review:

I. Did not the [trial court] abuse its discretion by failing to grant [Moyd] a new trial on the basis that the guilty verdicts on the three counts of recklessly endangering another person were against the weight of the evidence?

II. Did not the [trial] court err in refusing to instruct the jury[,] as requested by [Moyd,] on the principles of transitory anger explicated in **Commonwealth v. Kidd**[, 442 A.2d 826 (Pa. Super. 1982),] and applicable to the charge of terroristic threats?

III. Was the imposition of an aggregate sentence of 5 years to 10 years clearly unreasonable, so manifestly excessive as to constitute an abuse of discretion, and inconsistent with the protection of the public, the gravity of the offenses, and [Moyd's] rehabilitative needs?

Brief for Appellant at 7 (capitalization omitted).

In his first claim, Moyd purports to challenge the weight of the evidence at trial.[2]  **See** Brief for Appellant at 19-23.  Moyd argues that he did not possess the necessary *mens rea* to support a conviction for recklessly endangering another person.  **Id.** at 20-22.  Moyd claims that he was not committing another crime when he was brandishing the firearm.  **Id.** at 22-23.  According to Moyd, the fact that he was in possession of a firearm, in the same home as the children, is not sufficient to prove that he placed the children in danger of death or serious bodily injury.  **Id.** at 20-22.

> The law pertaining to weight of the evidence claims is well-settled.  The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses.  A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses.  Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

> On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience.  Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence.

---

[2] Moyd's legal argument appears to challenge the sufficiency of the evidence. **See Commonwealth v. Widmer**, 744 A.2d 745, 751-52 (Pa. 2000) (stating that sufficiency of the evidence claims are distinct from weight of the evidence claims, as there are different standards of review as well as separate remedies).  To the extent that Moyd raises a sufficiency of the evidence claim, it is waived, because it was not raised in his Concise Statement.  **See Commonwealth v. Lemon**, 804 A.2d 34, 36 (Pa. Super. 2002) (stating that "issues not included in a Pa.R.A.P. 1925(b) statement are deemed waived on appeal.").

*Commonwealth v. Gonzalez*, 109 A.3d 711, 723 (Pa. Super. 2015) (quotation marks and citations omitted).

Here, the trial court found that the verdict, based upon the substantial evidence found credible by the jury, did not shock one's conscience. *See* Trial Court Opinion, 6/1/18, at 6. Because the evidence supports the jury's verdict, we conclude that the trial court did not abuse its discretion in denying Moyd's weight of the evidence claim. *See Commonwealth v. Gibbs*, 981 A.2d 274, 282 (Pa. Super. 2009) (stating that "[w]hen the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review.").

In his second claim, Moyd alleges that the trial court improperly instructed the jury on the elements of the offense of terroristic threats. Brief for Appellant at 23-26. Moyd argues that the trial court's jury instruction omitted "three key principles explicated in [*Kidd*]. *Id.* at 25-26. According to Moyd, this Court in *Kidd* stated that proof of terroristic threats requires more than "mere spur-of-the-moment threats," and "does not include threats from 'transitory anger.'" *Id.* Moyd claims that the Commonwealth had to prove that he had a "settled purpose to carry out the threat or terrorize" Ballard. *Id.* at 26.

When reviewing a challenge to jury instructions, the reviewing court must consider the charge as a whole to determine if the charge was inadequate, erroneous, or prejudicial. The trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. A new trial is required on account of an erroneous jury instruction only if the instruction under review contained fundamental error, misled, or confused the jury.

*Commonwealth v. Fletcher*, 986 A.2d 759, 792 (Pa. 2009). "[A] trial court need not accept counsel's wording for an instruction, as long as the instruction given correctly reflects the law." *Commonwealth v. Vucich*, 194 A.3d 1103, 1111 (Pa. Super. 2018).

"The elements of the offense of terroristic threats are: 1) a threat to commit a crime of violence, and; 2) communication of such threat with intent to terrorize or with reckless disregard of the risk of causing such terror."

*Commonwealth v. Lumpkins*, 471 A.2d 96, 98 (Pa. Super. 1984).

Here, the trial court advised the jury as follows:

The defendant has been charged with the offense of terroristic threats. To find the defendant guilty of this offense, you must find that the following elements have been proven beyond a reasonable doubt: First, that the defendant communicated, either directly or indirectly, a threat. The term "communicates" means convey -- it means something that's conveyed in person or through electronic means, including telephone, electronic mail, internet, *et cetera*, *et cetera*. Here, the allegation is that the -- it's a combination of threats in person and threats through text messages. And, second, the defendant communicated the threat to commit any crime of violence, specifically to shoot Chanel Ballard in the face, and the threat was with the intent to terrorize another.

So[,] threats are not simply words that are said in anger, although could be. Depends on the circumstances, obviously. But

that alone is not sufficient because they said something in anger. Something is said in anger could be or could not be a threat, depends on all the surrounding circumstances. But the threat must be made with the intent to terrorize another.

N.T., 3/13/18, 42-43. We conclude that the trial court's instruction gave an accurate statement of the law regarding terroristic threats. *See Fletcher*, *supra*. Accordingly, the trial court did not err in its phrasing of the jury instruction.

In his third claim, Moyd alleges that the trial court's sentence of 5 to 10 years in prison was so manifestly excessive as to constitute an abuse of discretion. Brief for Appellant at 28-29. Moyd argues that the trial court's sentence was not consistent with the protection of the public, the gravity of the offenses, and Moyd's rehabilitative needs. *Id.* According to Moyd, the trial court focused solely on the nature of Moyd's criminal conduct and the need to protect others, while ignoring Moyd's family history and background. *Id.*

Moyd challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

[this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a

substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

\* \* \*

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

**Moury**, 992 A.2d at 170 (quotation marks and some citations omitted).

Here, Moyd filed a timely Notice of Appeal, raised his sentencing claim in a post-sentence Motion, and included a Rule 2119(f) Statement in his brief. Further, Moyd's claim that his sentence is manifestly excessive and not consistent with the protection of the public, the gravity of the offenses, and his rehabilitative needs raises a substantial question. **See** Brief for Appellant at 16-18; **see also Commonwealth v. Caldwell**, 117 A.3d 763, 770 (Pa. Super. 2015) (stating that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question."); **Commonwealth v. Riggs**, 63 A.3d 780, 786 (Pa. Super. 2012) (stating that an appellant raises a substantial question where he alleges that "the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of [a]ppellant."). Thus, we will review Moyd's sentencing claim.

Our standard of review is as follows:

Sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias, or ill will. It is more than just an error in judgment.

***Commonwealth v. Downing***, 990 A.2d 788, 792-93 (Pa. Super. 2010)

(citation omitted).

When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. It must be demonstrated that the court considered the statutory factors enunciated for determination of sentencing alternatives, and the sentencing guidelines. Additionally, the court must impose a sentence which is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant.

***Commonwealth v. McClendon***, 589 A.2d 706, 712 (Pa. Super. 1991)

(internal citations and quotation marks omitted). Further, "where a sentence

is within the standard range of the guidelines, Pennsylvania law views the

sentence as appropriate under the Sentencing Code." ***Moury***, 992 A.2d at

171.

Our review confirms that the trial court considered the sentencing

guidelines, Moyd's criminal history, family background, work history, and

involvement in the Men's Program while in prison, as well as statements by

Moyd, Moyd's counsel, and Moyd's mother. ***See*** N.T., 4/3/18, at 6-9. Further,

the record reflects that the trial court considered the protection of the public,

Moyd's rehabilitative needs, and the gravity of the offense. ***See*** Trial Court

Opinion, 6/1/18, at 8. Thus, the trial court properly considered all of the statutory factors before sentencing Moyd. **See McClendon**, **supra**. Moreover, the sentence was within the standard range of the guidelines. **See Moury**, **supra**. Accordingly, we conclude that the trial court's sentence was not improperly excessive, and Moyd's discretionary sentencing challenge fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/28/2019